UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NORTHEAST CARPENTERS HEALTH, PENSION, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,<br><br>                                   Petitioners,<br><br>              -against-<br><br>CALI ENTERPRISES, INC.,<br><br>                                   Respondent. | 18 CV _____<br><br>**PETITION TO<br>CONFIRM AN<br><u>ARBITRATION AWARD</u>** |

Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds f/k/a the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("Petitioners" and/or the "Funds") by and through their attorneys, Virginia & Ambinder, LLP ("V&A"), as and for their Petition to Confirm an Arbitration Award, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is an action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement (the "CBA") between the New England Regional Council of Carpenters f/k/a the Northeast Regional Council of Carpenters ("Union") and Cali Enterprises, Inc. ("Cali" or "Respondent").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.      Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds, successors to the Empire State Carpenters Annuity, Apprenticeship, Pension, and Welfare Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

5.      Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund, successor to the Empire State Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee established under section 302(c)(9) of the LMRA, 29 U.S.C. § 186(d)(9).  The Labor Management Fund maintains its principal place of business at 270 Motor Parkway, Hauppauge, New York 11788.

6.      Respondent Cali Enterprises, Inc. is a corporation incorporated under the laws of the State of New York.  At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 1223 Park Street, Peekskill, New York 10566.

## THE ARBITRATION AWARD

7. Respondent agreed to be bound to various collective bargaining agreements ("CBAs") with the Union. Copies of the relevant CBAs are annexed hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**.

8. The CBAs require that Respondent, *inter alia*, make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. *See* Exhibit B, Article Sixteen; Exhibit C, Article Sixteen.

9. The CBAs provide, *inter alia*, that "the Employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or regulations of the fringe benefit funds, and labor management cooperation committees, so designated." Exhibit B, Article Sixteen; Exhibit C, Article Sixteen.

10. The Trustees of the Funds established an Employer Contribution Audit and Collection Policy ("Collection Policy"). A copy of the Collection Policy is annexed hereto as **Exhibit D**.

11. The Collection Policy requires an employer to submit to a payroll audit upon request by the Funds. It further provides that,"… the Trustees may, in the exercise of their discretion… direct that the Funds' auditor conduct an audit.." Exhibit D, Article 4.1.

12. Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month. Exhibit D, Article 2.1.D.

13. The Collection Policy provides that, "[l]iquidated damages shall be calculated from the Due Date, and shall become due and owing if suit is commenced…The amount of the liquidated damages shall be 20% of the delinquent Contributions." Exhibit D, Article 6.1.

14. Pursuant to the Collection Policy, Petitioners conducted an audit of Respondent covering the period December 25, 2014 through December 31, 2016 in order to determine whether Respondent had complied with its obligations under the CBAs.

15. The auditor determined Respondent failed to remit contributions in the amount of $130,576.46.

16. The Collection Policy provides that, in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator. Exhibit D, Article 2.3.

17. The Collection Policy further provides that the employer shall be liable for all costs incurred in collecting delinquent contributions, including without limitation, audit costs, arbitration fees, and attorneys' fees. Exhibit D, Article 6.2-6.3.

18. Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator, J.J. Pierson. Petitioners noticed said arbitration by mailing a Notice of Intent to Arbitrate Delinquency to Respondent by Certified Mail. A copy of the Notice of Intent to Arbitrate Delinquency is annexed hereto as **Exhibit E**.

19. Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated March 12, 2018, determining said dispute (the "Award"). A copy of the Award was delivered to Respondent. A copy of the Award is annexed hereto as **Exhibit F**.

20. The arbitrator found that Respondent was in violation of the terms of the CBAs and ordered Respondent to pay the Funds the sum of $192,696.31, consisting of a principal deficiency of $130,576.46, interest of $22,135.07, liquidated damages of $21,688.28, audit costs of $16,649.50, attorneys' fees of $900, and the arbitrator's fee of $750 pursuant to the CBAs. *See* Exhibit F.

21. The Award has not been vacated or modified and no application for such relief is currently pending.

22. This petition is timely, as it was filed within the one year statute of limitations applicable to a petition to confirm an arbitrator's award.

23. Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to the Award and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).  *See* Exhibit F.

24. Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit G**.

25. I, Nicole Marimon ("NM" in the accompanying billing records), am a 2014 graduate of Fordham University School of Law, and an associate at V&A.  Since graduating law school and being admitted to the New York State bar, I have handled the prosecution of numerous ERISA collections actions. V&A billed my time at a rate of $225 per hour for work performed in connection with this action.

26. V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.

27. In my experience, the foregoing hourly rates are similar to or lower than the rates typically charged by attorneys of commensurate skill and experience in similar actions in the Southern and Eastern Districts of New York.

28. V&A's total billings in this matter amount to $270 reflecting 1.2 hours of work. *See* Exhibit G.

29. In addition, V&A will also advance $475 in court filing and service fees upon the filing of the instant petition.

30. Accordingly, Petitioners are entitled to recover $745 in attorneys' fees and costs incurred in connection with this matter.

**WHEREFORE,** Petitioners respectfully request that this Court:

1. Confirm the Award in all respects;

2. Award judgment in favor of Petitioners and against Respondent in the amount of $192,696.31 pursuant to the Award plus interest from the date of the Award through the date of judgment;

3. Award judgment in favor of the Petitioners and against Respondent in the amount of $745 in attorneys' fees and costs arising out of this petition; and

4. Award Petitioners such other and further relief as is just and proper.

Dated: New York, New York  Respectfully submitted,
       June 19, 2018

**VIRGINIA & AMBINDER, LLP**

By:  ___/s/_____
Charles R. Virginia
Nicole Marimon
40 Broad Street 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Fax: (212) 943-9082
*Attorneys for Petitioners*